In the Matter of the Investigation of the Administration and Conduct of Various Departments of the Government of The City of New York, etc., under the Joint Resolution Adopted by the Senate and Assembly of the State of New York on March 23, 1931.

Matter of JOHN A. HASTINGS, Appellant; JOINT LEGISLATIVE COMMITTEE, etc., Respondents.*

McAvoy, J. (dissenting). An order was made at Special Term adjudging appellant in contempt for failing to respond to a subpœna of the joint legislative committee. No dispute is made as to the issuance and service of the subpœna and the appellant's failure to appear in response thereto. The sole question here considered, because we deem the other matters raised to have been decided adversely to the appellant heretofore, in the proceedings brought by him in the

* Modfd. and affd., 258 N. Y. 425.

Second Department, ■ is whether or not an order punishing a witness who fails to attend in response to a subpœna before a committee of the Legislature, as for a contempt, and committing him to jail, is authorized by any section of the Legislative Law (see Laws of 1920, chap. 936, § 62-a), ■ the Civil Practice Act (§ 406, subds. 2 and 3) or section 750 of the Judiciary Law. The Legislative Law prescribes that a legislative committee by its officers or a majority of its members, may require a person to attend and be examined with reference to matters within the scope of the inquiry, and directs that the provisions of the Civil Practice Act in relation to enforcing obedience to a subpœna issued by a judge, arbitrator, etc., are to apply to a subpœna issued by a legislative committee as authorized by section 62-a. These provisions so mentioned are found in section 406 of the Civil Practice Act, and nowhere therein is the enforcement of obedience to a subpœna of a legislative committee or a quasi judicial officer or body authorized through an order directly adjudging a punishment for contempt for non-attendance. In section 406 the procedure is prescribed in so far as it affects a person failing to obey a subpœna in subdivision 2 thereof. It recites that if the person duly subpœnaed fails to obey the direction therein without reasonable excuse, he is liable, in addition to any other punishment which may be lawfully inflicted therefor, for damages sustained by the party [person] aggrieved and fifty dollars in addition thereto, and if he so fails to attend, a judge must, upon proof by affidavit of his failure to attend, issue a warrant to the sheriff of the county, directing him to apprehend the defaulting witness and bring him before the body before which his attendance was required. Subdivision 3 prescribes that if a person subpœnaed attends or is brought before the body requiring his presence and refuses, without reasonable cause, to be examined or answer pertinent questions, or produce books or papers which were directed to be brought under the terms of the subpœna, he be committed by a judge of a court of record or not of record by warrant to jail, where he must remain until he submits to the act which he was required to do, or is discharged according to law. This appears to me to confine the authority to punish for contempt to a refusal to answer pertinent questions or produce proper books or be examined on matters within the scope of the inquiry. I cannot find an implication that the words " in addition to any other punishment which may be lawfully inflicted therefor," refer to a final punishment as for contempt because of disobedience of the subpœna, since additional punishment may be inflicted if the witness is proceeded against by prosecution for the misdemeanor of contempt under section 1329 of the Penal Law. We are referred to section 750 of the Judiciary Law as indicating a power to punish for criminal contempt, where subdivision 5 thereof authorizes such punishment because of " contumacious and unlawful refusal to be sworn as a witness; or, after being sworn, to answer any legal and proper interrogatory." ■ The heading of this section of the Judiciary Law is " Power of courts of record to punish for criminal contempts," and assuming that refusal to be sworn or upon being sworn to answer proper interrogatories, includes a failure of attendance in response to a subpœna, I cannot conclude that this provision was intended to apply to contempts of legislative committees, arbitrators, referees or boards of inquiry. Their regulation is contained in section 406 of the

Civil Practice Act where a similar failure to answer or be examined is mentioned and the method of procedure outlined. I think this method is exclusive and since " No implication, and no fancied necessity, can be permitted to add to the literal meaning of the words by which the Legislature have restricted this power [of contempt]," █ I conclude that an express statute providing in direct language for the penalty to be incurred must be enacted before punishment for contempt may be inflicted. The order should, therefore, be modified by striking out the provision adjudging the appellant in contempt for his refusal to attend before the joint legislative committee through its subcommittee, and inflicting the punishment of custody in the jail of the county for a period of thirty days or until he be discharged from said imprisonment according to law.